WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Ratoff,<br><br>      Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>      Defendant, | CV 07-246 TUC DCB<br><br>**O R D E R** |

This Court finds that the Magistrate Judge's Report and Recommendation properly sets out and applies the relevant law for determining the parties' pending crossmotions for summary judgment. The Report and Recommendation is adopted as the Opinion of the Court. The Plaintiff's Motion for Summary Judgment is granted; Defendant's crossmotion is denied. The matter is remanded to the Commissioner for an award of benefits.

**PROCEDURAL HISTORY**

On May 25, 2007, Plaintiff filed his Complaint, and this case was referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court for the District of Arizona (Local Rules).

The Plaintiff filed a Motion for Summary Judgment (document 10); Defendant filed an Opposition and Crossmotion for Summary Judgment (document 80). Magistrate Judge Velasco filed a Report and Recommendation on May 30, 2008, recommending that the Motion for Summary Judgment filed by Plaintiff, Michael B. Ratoff, should be granted and the Crossmotion by Defendant, Commissioner Astrue, should be denied. Pursuant to 28 U.S.C. §

636(b), the Defendant filed objections to the Report and Recommendation. The Plaintiff filed a Response to the objections. The crossmotions are fully briefed.

This Court's ruling is a *de novo* determination as to those portions of the Report and Recommendation to which there are objections. 28 U.S.C. § 636(b)(1)(C). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

**STATEMENT OF THE CASE**

Plaintiff applied for Social Security disability benefits on January 26, 2005, due to chronic recurrent depression, and social and cognitive difficulties. Prior to becoming disabled, the Plaintiff was a graphic artist for four years from 1993 to 1997 and a retail sales clerk for two years from 1998 to 2000. Plaintiff alleges an onset date for his disability of October 1, 2002. Plaintiff's disability insurance expired on December 31, 2004.

Defendant denied Plaintiff's initial claim and he appealed, resulting in a hearing on August 25, 2006, before Administrative Law Judge (ALJ), Milan Dostal. The ALJ found Plaintiff's impairments were severe, which resulted in mild to moderate restrictions and that he retained the residual functional capacity to perform simple, repetitive, as well as complex, detailed tasks on a sustained bases. The ALJ found the Plaintiff was capable of performing his past work as a graphic artist and sales clerk. (R&R at 13.)

Plaintiff appealed the ALJ's Decision. The Appeals Council denied review on April 11, 2007, making the ALJ's Decision the final decision of the Commissioner being reviewed by this Court.

The Magistrate Judge recommends this Court find the ALJ erred at step four of his analysis by concluding that the Plaintiff retained sufficient residual functional capacity (RFC) to perform past work. The Magistrate Judge's recommendation is based on his conclusion that

the ALJ improperly rejected the opinion of Plaintiff's treating psychiatrist, Dr. Garland, and improperly rejected the Plaintiff's lay witnesses' testimony and Plaintiff's testimony as not credible, and if such testimony were credited, the ALJ would be required to find the Plaintiff disabled and entitled to an award of benefits.

**DEFENDANT'S OBJECTIONS**

Defendant points out that the ALJ, not the physician, is charged with determining disability and the physician's opinion is not conclusive as to the claimant's physical condition or the ultimate issue of disability. The Defendant argues that the ALJ's determination that the Plaintiff could perform activities and had good improvement with treatment was based on a reasonable reading of Plaintiff's medical records.

To reject the uncontroverted treating doctor's opinion, the ALJ must provide clear and convincing reasons based on substantial evidence in the record, which Defendant argues included Dr. Garland's treatment notes describing Plaintiff as "clearly improved" after he began taking Suboxone and his depression was in moderate remission and well controlled; episodes of regression or decline were related to Plaintiff's failure to take his medication; there was inconsistency between testimony that Plaintiff was not comfortable around other people or more than 1 person, had difficulty concentrating, and only went to places where he felt safe and testimony that he had traveled to Hawaii, studied Japanese and traveled to Japan, worked on his house, and went to the movies, and the ALJ's own observation of the Plaintiff that he had no discernable signs of the Plaintiff's reported symptoms.

**PLAINTIFF'S RESPONSE**

The Plaintiff argues that unlike the ALJ, the Magistrate Judge properly applied the rules in a social security case for rejecting a treating physician's opinion and properly concluded that Dr. Garland's opinion was supported by his treatment records. (See Report and Recommendation (R&R) at 21-27.) The Plaintiff argues that unlike, *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001), the case upon which the Defendant relies, his treatment records were not subject to more than one reasonable interpretation. This Court agrees with the Plaintiff that the specific reasons of error noted by the Magistrate Judge in the Report and Recommendation

- 3 -

cannot be overcome by Defendant's summary assertion that the record is consistent with the ALJ's credibility determinations. (See R&R at 28-34.)

**CONCLUSION**

As the detailed record presented in the Report and Recommendation reflects, the Plaintiff suffered from serious and debilitating recurrent major depression. He began treatment with Dr. Garland in January, 2001, and his treatment notes reflect that on October 2002, he was attending his appointments with his mother and was working on semi-independence as a goal. He was having severe panic attacks and serious problems with communication, and was working on severe cognitive distortions regarding his self-worth and self-negation. (R&R at 6.) On August 6, 2004, Dr. Garland described Plaintiff's condition as fragile, a description that reoccurs throughout his records on and off. *Id.*

By November 2004, Dr. Garland referred the Plaintiff to Dr. Osborne, who began treating Plaintiff with Suboxone because Plaintiff presented with a major depressive disorder, found to be permanent, significant, and otherwise untreatable. By the end of November, Dr. Osborne described the Suboxone as alleviating Plaintiff's chronic depression, chills, auditory hallucinations and suicidal ideation. In December 2004, Dr. Garland described Plaintiff as clearly improved and doing well not having suicidal ideation, going to sleep real easy and not in crisis management mode. *Id.* at 7.

Unfortunately, the improvements did not last. In the treatment note for January 26, 2005, Dr. Garland described Plaintiff's condition as worsening, and by February, he noted the Plaintiff was feeling "floaty," not knowing where he was and having problems getting from Point A to Point B, not remembering names, and being disoriented after sleeping in a new house. *Id.* at 7. On July 6, 2005, Plaintiff was admitted to University Medical Center (UMC) with a suicidal ideation and attempt. *Id.* at 8. The discharge report from UMC stated that Plaintiff "'has been tried on multiple medications with little to no affect. The patient was started on Suboxone in November 2004, achieved moderate improvement in his depression including improvement in his suicidal ideation. The patient did well for a few months, however, in June his depression

began to worsen despite compliance with his Suboxone regimen.'" *Id.* at 9 (citing TR at 163). By July, Plaintiff's condition was again fragile. *Id.* at 9-10.

The ALJ's decision has drawn from the treatment records covering the few good months experienced by the Plaintiff and ignored treatment notes for the majority of the time.

The ALJ also ignored Dr. Garland's explanation of how the various mental health work limitations that he placed on Plaintiff were supported by the evidence, (Tr. 142-145), including Plaintiff's problems getting to appointments on the right day or time, or to Japanese class, which had been held for years at the same day and time, and forgets his "homework" assignments. Dr. Garland described the Plaintiff as having difficulty in sustaining attention for more than a few minutes, loses track of conversations during therapy, and has serious problems maintaining his focus. In addition to recurrent major depressive disorder, Dr. Garland diagnosed Plaintiff with Schizotypal Personality Disorder, and explained that anyone with that condition would have significant problems communicating, would be very distracted by persons communicating in a more casual fashion, and would have ongoing problems getting connected with other persons. Dr. Garland explained these communication problems would tend to create real friction between himself and anyone who is trying to instruct him in how to manage a particular job. He described the Plaintiff as unable to respond to changes, and cannot keep more than half of his appointments. His Japanese teacher keeps his appointments at the same time every week. Finally, the Plaintiff cannot function in a normal 16 hours up, eight hours of sleep cycle, rather, Plaintiff has two sleep periods, including a sleep period in the early afternoon, which is caused by his inability to sustain consistently for any length of time. (R&R at 10-11.)

The ALJ had to ignore Dr. Garland's report because such a hypothetical person would be unable to do any of the work done by the Plaintiff or any other work in the national economy. (R&R at 5 (citing Ms. Schonbrun, the vocational expert's opinion).

The Plaintiff's lay witnesses, his parents, Japanese teacher, and long-time family friend, all described a person who is unable to independently manage his day to day activities and his own finances. He has lost visitation with his 12-year old son due to his mental illness.

- 5 -

The ALJ erroneously found the Plaintiff was not credible because there was no physician opinion of disability and no objective medical evidence. However, there were both and the ALJ erroneously rejected them.

The ALJ found the Plaintiff was capable of living alone and was not totally incapacitated because he prepares his own meals and does light house keeping. The ALJ ignored evidence that the Plaintiff does not prepare food or meals daily and his parents help out by inviting him to dinner. He lives alone, but the ALJ ignored that his family pays his bills, and he puts up reminder notes for everything, including taking his medication. The ALJ ignored testimony that his illness affects his ability to remember things, complete tasks, concentrate, understand, follow instructions, and get along with others. (R&R at 28-30.) Again, the ALJ focused only on statements which supported his conclusion and ignored those which did not. *Id.* at 30.

The Court has discretion to remand for further proceedings or to award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate because the ALJ failed to provide legally sufficient reasons for rejecting the evidence he rejected, and there are no outstanding issues to be resolved for Plaintiff to be determined disabled. It is clear from the record that the ALJ would be required to find the Plaintiff disabled if the evidence the ALJ improperly rejected were credited

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his Report and Recommendation for determining the pending motions.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (document 24) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (document 10) is GRANTED, and this case is remanded to the Commissioner for an award of benefits.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (document 18) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 6th day of August, 2008.

David C. Bury
United States District Judge